UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DR. NICOLE E. DOLAN,

     Plaintiff,

vs.

LAURA MARY SCHWABEL, CYNTHIA
ROSSO SCHWABEL, ROBERT J.
SCHWABEL, AMCO INSURANCE
COMPANY, HEALTH ALLIANCE PLAN,
HENRY FORD HEALTH SYSTEM
and LIFE INSURANCE COMPANY OF
NORTH AMERICA, a CIGNA COMPANY,

     Defendants.

and

                                      Case No.  12-12292
                                      Hon: AVERN COHN

AMCO INSURANCE COMPANY,

     Third-Party Plaintiff,

vs.

HEALTH ALLIANCE PLAN, HENRY
FORD HEALTH SYSTEM and
LIFE INSURANCE COMPANY OF
NORTH AMERICA, a CIGNA
COMPANY,

     Third-Party Defendants.
_____/


**ORDER DENYING MOTION TO REMAND (Doc. 10)**

This case involves a claim for compensation for injuries sustained in an

automobile accident.  Count II of the Second Amended Complaint (SAC) (Doc. 2-2)

alleges that defendant, Henry Ford Health System (Henry Ford), among others, have

"unreasonably refused to pay or have unreasonably delayed in making proper payments

to plaintiff, Dr. Nicole E. Dolan, contrary to the contract provisions, the Michigan No

Fault Law and/or MCLA §§500.3142, 3148 and continue to do so."  SAC at ¶ 10.  Henry

Ford removed the case to federal court from the state court in which it was filed, stating:

> This Court has federal question jurisdiction over the action
> because the Plaintiff seeks recovery of benefits under an
> Employee Benefit Plan, claiming that Defendant HFHS has
> some contractual obligation to pay for certain loss of salary
> to Plaintiff to replace wages lost as a result of not being able
> to work after an accident.

Plaintiff, Dr. Nicole E. Dolan (Dolan) has moved to remand the case to the state

court from which it was removed on the grounds that she is not seeking recovery of

benefits under an employee benefit plan and therefore there is not exclusive jurisdiction

in federal court.

Dolan is wrong.  *See Metropolitan Life Insurance Company v. Taylor*, 481 U.S.

58 (1987) (". . .Congress has clearly manifested an intent to make causes of action

within the scope of the civil enforcement provision of [ERISA] removable to federal

court.").  Dolan in this Court "seeks to enforce payment by Henry Ford of compensation

for her injuries."  The SAC clearly alleges a claim against Henry Ford for benefits under

an ERISA plan.  See SAC at ¶¶ 8-14.  As such, she has plead a claim under 29 U.S.C.

§1132(a)(1)(B) over which this Court has exclusive federal jurisdiction.

Accordingly, the motion to remand is DENIED.


Dated:  July 19, 2012                    S/Avern Cohn
                                         AVERN COHN
                                         UNITED STATES DISTRICT JUDGE


2

**12-12292 Dolan v. Schwabel, et al**
**Order Denying Motion to Remand**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, July 19, 2012, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5160